IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY J. MASON, <br><br> *Plaintiff,* <br><br> v. <br><br> LAWRENCE J. O'TOOLE, *et al*, <br><br> *Defendants.* | Civil Action No. 2:19-cv-1114 <br><br> Hon. William S. Stickman IV <br> Hon. Patricia L. Dodge |

## **ORDER OF COURT**

Plaintiff, Larry J. Mason, a Pennsylvania state prisoner serving a sentence of life incarceration for a 1994 first-degree murder conviction, filed a Complaint on October 25, 2019. (ECF No. 4). He advanced claims under 42 U.S.C. § 1983 relating to his 2017 unsuccessful petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*.[1] More specifically, he asserted that Defendants violated his First Amendment right to access the court as well as his Fourteenth Amendment right to due process of law because Defendants precluded him from receiving a hearing and decision on his PCRA petition.

A Report and Recommendation was filed by United States Magistrate Judge Patricia L. Dodge on February 25, 2020, recommending that the Court dismiss Plaintiff's Complaint without leave to amend due to a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). (ECF No. 5). Magistrate Judge Dodge found that all four requirements for application of the

---

[1] Plaintiff named as defendants to this action the Judge who presided over his state court criminal case and the attorneys who represented the Commonwealth during his PCRA proceedings. He sued each defendant in their official and individual capacity.

1

*Rooker-Feldman* doctrine are met in this action.² She recommended that leave to amend be denied as it would be futile given that dismissal would be based on *Rooker-Feldman*. (ECF No. 5). Plaintiff filed timely Objections to the Report and Recommendation on March 12, 2020. (ECF No. 8).

After its independent *de novo* review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion. The Court overrules Plaintiff's objections.

AND NOW, this 18th day of March 2020, IT IS HEREBY ORDERED that the Complaint is DISMISSED with prejudice. Plaintiff is DENIED leave to amend as it would be futile.³ The Clerk of Court is directed to mark this CASE CLOSED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

² The *Rooker-Feldman* doctrine, which is narrow in scope, bars federal district courts from exercising jurisdiction "over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Col*, 615 F.3d 159, 165 (3d Cir. 2010).

³ "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice – Civil § 15.15[4] (2019). Dismissal on the basis of *Rooker-Feldman* is recognized as a situation where amendment of a complaint is futile. *See e.g., Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 334, n.22 (M.D. Pa. 2010); *Mehta v. City of Jersey City*, 360 Fed. Appx. 270, 271 (3d. Cir. 2010).